UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CYNTHIA RODRIGUEZ,

                Plaintiff,

-against-

ARA USH CHICAGO TENANT, LLC d/b/a HYATT HOUSE FISHKILL,

                Defendant.

**ORDER**

25-CV-02940 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

On April 9, 2025, Defendant Ara Ush Chicago Tenant, LLC d/b/a Hyatt House Fishkill ("Defendant") filed a Notice of Removal, removing this action from the Supreme Court of the State of New York, County of Dutchess, to this Court. (Doc. 1, "Not. of Removal"). For the reasons set forth below, this matter is REMANDED to the Supreme Court of the State of New York, County of Dutchess.

## BACKGROUND

On April 9, 2025, Defendant filed a Notice of Removal, which attached copies of the following documents: (1) the Complaint (Not. of Removal, Ex. A "Compl."); (2) the Affidavit of Service of the Complaint (*id.*, Ex. B); and (3) the Civil Cover Sheet for this removed action (*id.*, Ex. C). Defendant asserts that this Court has subject matter jurisdiction over this dispute because (1) complete diversity exists between the parties (Not. of Removal ¶¶ 7-9); and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs, because of the alleged injuries in the Complaint (*id.* ¶ 3).

## ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28

U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While defendants need not "prove the amount in controversy to an absolute certainty," they have "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id.* (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* (quoting *Lupo*, 28 F.3d at 273-74).[1] Federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)).

      Plaintiff's Complaint alleges that she was injured as a result of Defendant's negligence when she slipped in the indoor pool area at one of Defendant's premises. (Compl. ¶¶ 42-48). A plaintiff's complaint, in an action to recover damages for personal injuries in New York, "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems [herself] entitled." C.P.L.R. § 3017(c). Accordingly, the Complaint does not state a specific

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

sum of money sought from Defendants and asserts only that Plaintiff's damages "exceed[] the jurisdictional limits of all lower courts that would otherwise have jurisdiction." (Compl. ¶ 54). If removal of a civil suit from state court to federal court is premised on 28 U.S.C. § 1332(a) and "[s]tate practice . . . does not permit demand for a specific sum," removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28. U.S.C. § 1446(c)(2).

Defendant, with respect to the amount in controversy, asserts that Plaintiff's alleged damages are in excess of the $75,000.00 amount in controversy requirement because of "Plaintiff's assertions" in her Complaint. (Not. of Removal ¶ 3). Specifically, Defendant points to Plaintiff's "assertions" that she has "sustain[ed] serious injuries and [] ha[s] suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom." (*Id.* (quoting Compl. ¶ 49)). Defendant fails to meet its burden to show that the $75,000 jurisdictional amount required for diversity jurisdiction has been satisfied.

"[N]either the Complaint nor the Notice of Removal 'contains sufficient information specifying the nature and extent of Plaintiff's injuries that would permit this Court to draw a reasonable inference that the amount-in-controversy requirement has been satisfied.'" *Muniz v. CVS Albany, L.L.C.*, No. 21-CV-08179, 2021 WL 4596539, at *2 (S.D.N.Y. Oct. 6, 2021) (quoting *Brown v. NutriBullet, LLC*, No. 19-CV-05421, 2019 WL 5287960, at *2 (E.D.N.Y. Oct. 18, 2019)). Defendant has not furnished any written indication of the amount in controversy. (*See generally* Not. of Removal). This Court, although not required to do so, has also undertaken to

3

review the electronic docket in the state court proceeding. That docket is devoid of any written indication of the amount in controversy. (*See* Index No. 2025-51097, NYSCEF Doc. Nos. 1-5).

Thus, as federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo*, 932 F.2d at 1046), Defendant's conclusory allegation that the amount in controversy can fairly be read to exceed $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See Torres v. Merriman*, No. 20-CV-03034, 2020 WL 1910494, at *2 (S.D.N.Y. Apr. 17, 2020) ("[A] mere conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdiction threshold of 28 U.S.C. § 1332(a) has been met.").

## **CONCLUSION**

Based upon the foregoing, the Court concludes that Defendant failed to satisfy its burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Dutchess. The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Dutchess, and to close this action. All pending matters are hereby terminated.

Dated: White Plains, New York
       April 10, 2025

**SO ORDERED:**

_____
Philip M. Halpern
United States District Judge